414 So.2d 1063 (1982)
Leon JOSEPH, etc., et al., Petitioners,
v.
Edward S. QUEST, et al., Respondents.
No. 60237.
Supreme Court of Florida.
April 29, 1982.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, and Hawkesworth & Schmick, Miami, for petitioners.
Edward L. Magill of Magill & Reid, Miami, for respondents.
McDONALD, Justice.
The Third District Court of Appeal certified the following question as being of great public importance:
[W]hether and under what circumstances an action for contribution lies against the parent of an injured child.
Quest v. Joseph, 392 So.2d 256, 262 n. 12 (Fla. 3d DCA 1981). We have jurisdiction.[1] We answer the question by holding that contribution is available against a parent to the extent of existing liability insurance coverage for the parent's tort against the child.
Ten-year-old Daren Joseph was struck by a car driven by Marion Quest. Leon Joseph sued the Quests in negligence both for himself and on behalf of his son Daren. The Quests, in turn, sued Daren's mother, Ellen, in a third party action alleging that Ellen *1064 Joseph's negligent supervision of Daren contributed to his injuries.
The jury returned for the plaintiffs in the amount of $150,000 for Daren and $17,000 for Leon Joseph. The jury apportioned liability as follows:

 Leon Joseph 10%
 Daren Joseph 10%
 Marion Quest 55%
 Ellen Joseph 25%

The trial court reduced Daren's and Leon's awards by their respective ten percent negligence apportionment and awarded them $135,000 and $13,600, respectively. The court then entered judgment against the third party defendant, Ellen Joseph, for twenty-five percent of the total judgment ($148,600), i.e., $37,150. The trial court withheld execution on the third party judgment pending satisfaction of the judgment in the main claim.
Quest appealed, charging that the trial court improperly apportioned the jury verdict[2] and that the court should have allowed a setoff in the amount of the third party judgment. Joseph cross-appealed, challenging the court's entering judgment against his wife. The district court framed the issue as whether a defendant has a right of contribution against the parent of an injured child. Relying on Shor v. Paoli, 353 So.2d 825 (Fla. 1977), the court concluded that such a right of contribution exists but certified the question to this Court.
In Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), we established the rule of comparative negligence in this state and held that liability should be equitably apportioned on the basis of fault. Subsequent to Hoffman, the Florida Legislature enacted the Uniform Contribution Among Tortfeasors Act,[3] which grants a joint tortfeasor the right to seek contribution from the other tortfeasors according to the relative degrees of fault.[4]
In Shor v. Paoli we allowed a third party tortfeasor to obtain contribution from the co-tortfeasor spouse of the plaintiff. That case is limited to situations involving husbands and wives and allows the Uniform Contribution Among Tortfeasors Act to control over interspousal immunity. However, we recognize a legal difference between the husband and wife relationship and that of parent-child. In the former, both are adults capable of bringing suit independently and with full knowledge of the financial relationship. Prior to the institution of any suit either or both spouses can examine the relative strength of their financial positions, including insurance coverage and other assets. They can also evaluate the likelihood of success in the litigation process. With all this they can decide together or as individuals whether or not to bring suit with the possibility of contribution by the other spouse.
The situation is completely different for a minor child, and we do not extend Shor to cases involving parental/family immunity. Minors and infants must bring suits through a representative, next friend, or guardian ad litem. Fla.R.Civ.P. 1.210(b). See Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956). Logically, an infant injured through the combined negligence of a parent and a third party would in most cases bring suit through his parents. If the parents feared possible liability through contribution then it would be their decision and not the child's to withhold suit.
Any award that the child received would be his and not a part of the family treasury. The parents would be responsible for using it for the child's welfare or holding the award in trust for the child until he reached the age of majority. And, of course, the parents could not use any of that money as a setoff for their liability. This fact alone can cause a chilling effect on the parents when considering whether to sue where their own negligence is a factor.
*1065 In Ard v. Ard, 414 So.2d 1066 (Fla. 1982), this Court reaffirmed its adherence to parental/family immunity, but allowed a waiver of that immunity where there is liability insurance covering the action. Ard involved a suit by an unemancipated minor against one of his parents for injuries received when he was injured in an automobile accident. Therefore, because of our decision in Ard we now hold that contribution is available against a parent but only to the extent of existing liability insurance coverage for the parent's tort against the child.[5] In so holding, we make no distinction between the type of negligence of the parent, whether active or passive, so long as it is cause of the injury.
We therefore quash the instant decision and remand for proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and OVERTON, J., concur.
ADKINS, J., concurs specially with an opinion.
ALDERMAN, J., dissents.
BOYD, J., dissents with an opinion.
ADKINS, Justice, concurring specially.
I concur in the majority opinion for the same reason as expressed in my specially concurring opinion in Ard v. Ard, No. 60,475, 414 So.2d 1066 (Fla. 1982).
BOYD, Justice, dissenting.
I dissent from the holding that the right of a tortfeasor to contribution from a negligent parent depends upon the existence of liability insurance. In Ard v. Ard, No. 60,475, 414 So.2d 1066 (Fla. 1982), I expressed my disagreement with the Court's abrogation of the doctrine of parental immunity to the extent of applicable liability insurance coverage. Since a parent is immune from suit by his or her child for damages caused by the parents' negligence, there will be no liability insurance with which to satisfy the non-family tortfeasor's claim for contribution.
In Shor v. Paoli, 353 So.2d 825 (Fla. 1977), this Court allowed a tortfeasor to recover contribution from the negligent spouse of an injured plaintiff, where both the negligent spouse and the non-spouse tortfeasor contributed to the accident causing the injuries, even though a direct action by the injured spouse against the negligent spouse would not have been allowed because of the doctrine of family immunity. I do not agree with the majority that application of Shor v. Paoli to cases of the contributory negligence of parents would have dire results. The recovery from the non-family tortfeasor can simply be reduced in proportion to the immune parent's percentage of causal responsibility. However, if allowing contribution against a parent will have detrimental effects on the family, we should simply overrule Shor rather than disturb the doctrine of parental immunity.
In this connection, I should also point out that I disagree with the majority's conclusion that interspousal immunity and parent-child immunity rest on different grounds. Both rules of law stem from fundamental notions concerning the importance of the family unit. Partial abrogation of the doctrine of parent-child immunity will disrupt the unity and harmony of that interlocking network of relationships we call the family.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.
[2] We do not consider this issue, but leave it to the trial court to reexamine the apportionment on remand.
[3] § 768.31, Fla. Stat. (1975).
[4] Ch. 76-186, § 1, Laws of Fla., amending § 768.31(3)(a), Fla. Stat. (1975).
[5] If the parent is without liability insurance, or if the policy contains an exclusion clause for household or family members, then contribution will not be allowed against the co-tortfeasor parent.