Marc **WILLIAMS** a minor By and Through his natural guardian and next friend Mary **WILLIAMS**, and Mary Williams, individually, Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

**No. 83–6743–Civ–Paine.**

United States District Court, S.D. Florida.

April 9, 1985.

Gary Marks, Law Office of Mark Marks, North Miami, Fla., for plaintiffs.

Gary E. Garbis, Miami, Fla., for plaintiffs.

Jonathan Goodman, Asst. U.S. Atty., Miami, Fla., for defendant.

## FINDINGS OF FACT AND
## CONCLUSIONS OF LAW

PAINE, District Judge.

This cause was tried by this Court, sitting without a jury, on May 2, 1985, as to the issue of liability. At the conclusion of this trial, this Court ruled, in open court, that it found that the injury giving rise to this action was caused by negligence on the part of the driver of the Postal Service vehicle involved, and this Court held that the United States, as defendant, was liable to plaintiffs for the negligence of its agent. At the conclusion of this trial, this Court granted plaintiffs' motion to strike the counterclaim for contribution asserted by the United States, against the adult plaintiff Mary Williams. This Court also found for plaintiffs, and against the United States, on the issue of comparative negligence, raised by the government as an affirmative defense. In ruling on this claim, this Court found that the United States had presented no evidence to support this claim. Upon further consideration, this Court will modify its ruling on these issues.

At the conclusion of the trial on May 2, counsel for both sides raised the pending issue of whether plaintiffs would be given leave to amend their complaint so as to state an increased demand for damages. Plaintiffs had filed a motion for leave to amend on August 13, 1984 (Docket Entry 25). In an order dated and filed on March 5, 1985 (Docket Entry 39) this Court reserved ruling on this motion. This Court will now determine that motion.

### I. *Negligence of Defendant*

■■■■ This Court hereby reaffirms its finding that the driver of the Postal Service vehicle, an employee and agent of the United States, was negligent. The evidence presented showed that the minor plaintiff Marc Williams did suffer an injury at the time alleged in the complaint. No eyewitness testimony was presented to support the claim that the injury was caused by contact between the minor plaintiff and the Postal Service vehicle. However, the factual circumstances described in the testimony lead this Court to that conclusion. The driver of the vehicle testified as to his actions to check for oncoming traffic and pedestrians immediately prior to the incident. Expert witnesses presented both by plaintiffs and the United States described a significant area of obstructed vision from the driver's seat of the vehicle. However, drivers of motor vehicles are held to a very high degree of care, when they have reason to believe that small children may be present. *Miami Paper Co. v. Johnston,* 58 So.2d 869, 870–71 (Fla.1952); *Bilams v. Metropolitan Transit Authority,* 371 So.2d 693, 695 (Fla. 3d DCA 1979). In their pretrial stipulation filed on April 18, 1985 (Docket Entry 48) the parties agree that the substantive law of the forum state, Florida, is to be applied in this case. This Court finds that, in the circumstances described by the evidence, the driver of the Postal Service vehicle was negligent in failing to adhere to the duty of care which the law of the state of Florida imposes on drivers in similar situations. This Court further finds that the evidence supports and leads to a conclusion that the negligence of the driver of the Postal Service vehicle was a direct and proximate cause of injury to the minor plaintiff Marc Williams. In operating the Postal Service vehicle at the time of the incident giving rise to this action, the driver was acting within the scope of his employment and course of his duty as an employee of the United States. Thus, the United States is liable to plaintiffs under 28 U.S.C. § 2674.

### II. *Counterclaim for Contribution*

On August 28, 1984, the United States filed a motion (Docket Entry 29) for leave to assert a counterclaim. The proposed counterclaim was submitted with the motion. In its order dated and filed March 5, 1985 (Docket Entry 39) this Court granted leave to file the counterclaim. In the counterclaim, the United States alleges that the adult plaintiff Mary Williams was herself negligent in allowing the infant plaintiff Marc Williams, her son, to be out on the street without adult supervision, at the

time of the accident giving rise to this action. The United States further alleged that the negligence of the adult plaintiff was a proximate cause of the injuries to the minor plaintiff, and the United States sought contribution on that basis.

At the trial on May 2, 1985, plaintiffs argued that, under the law of Florida, a claim for contribution, by a defendant, against a parent of an infant plaintiff, was barred. Plaintiffs relied on *Joseph v. Quest*, 414 So.2d 1063 (Fla.1982). This Court accepted plaintiffs' argument and struck the counterclaim.

On reconsideration, this Court will modify that ruling, to conform to the law of Florida. Under the law of that state, a defendant in a tort action brought on behalf of an infant or minor plaintiff is *not* barred from asserting a claim for contribution, grounded in negligence, against a parent of the infant plaintiff. Rather, under *Joseph*, the defendant is *limited*, in such a claim, to the amount of liability insurance, if any, maintained by the parent. *Joseph*, 414 So.2d, at 1065; *Woods v. Winthrow*, 413 So.2d 1179, 1181 (Fla.1982). *Chinos Villas, Inc. v. Bermudez*, 448 So.2d 1179, 1180 (Fla. 3d DCA 1984). This Court will reaffirm its decision to strike the counterclaim, as the United States presented no evidence of liability insurance held by the adult plaintiff Mary Williams. However, as discussed below, this Court finds (on reconsideration) that the adult plaintiff Mary Williams was also negligent, and that her negligence was a contributory cause of the injuries suffered by the minor plaintiff Marc Williams. This Court will give the United States leave to offer evidence, by affidavit or at the trial of the issue of damages, as to any liability insurance held by the adult plaintiff Mary Williams, which would entitle the United States to assert its claim for contribution. Upon the presentation of such evidence, the Court will consider whether to vacate its decision to strike the counterclaim.

### III. *Affirmative Defense*

In this action, the adult plaintiff Mary Williams seeks fifteen thousand dollars ($15,000.00) in damages for medical expenses, lost services, loss of support, etc. due to the injuries suffered by the minor plaintiff Marc Williams. As an affirmative defense, the United States raised the contributory negligence of the adult plaintiff Mary Williams herself, and the United States demanded that any award against it in favor of Mary Williams be reduced to reflect the contributory negligence of Mary Williams. Florida follows the rule of comparative negligence, with liability equitably apportioned on the basis of fault. *Hoffman v. Jones*, 280 So.2d 431 (Fla.1973). Fla.Stat.Ann. § 768.31 (West).

At the conclusion of the trial on May 2, 1985, this Court ruled that there had been no evidence of negligence on the part of the adult plaintiff Mary Williams. On reconsideration, this Court believes that is incorrect.

The evidence showed that, at the time of the incident giving rise to this action, the minor plaintiff (then only seventeen months old) was alone, clad only in diapers, without adult supervision, in the middle of a residential street, some two hundred feet from his residence. His mother, the adult plaintiff, testified that she was not aware of his absence, until she heard a scream, at the time of the incident. To permit a seventeen month old child to wander in a street without supervision is negligence. Certainly a parent owes to his or her child a level of care and caution equal to that imposed upon drivers of motor vehicles. The evidence supports the conclusion that the mother Mary Williams was negligent, and that her negligence contributed to, and was a proximate cause of, the injuries suffered by her son Marc Williams. This Court finds that the mother is chargeable with fifty percent (50%) of the liability for the injuries suffered by the infant plaintiff, and that any recovery by her on her own claim in this action should be reduced accordingly.

### IV. *Amendment*

As noted in this Court's order dated and filed on March 5, 1985 (Docket Entry

39), plaintiffs are prohibited, under 28 U.S.C. § 2675(b) from asserting an increased demand for damages unless that demand is premised on "newly discovered evidence not reasonably discoverable at the time of presenting the [initial] claim." This Court believes that this language means that the new developments must not have been reasonably capable of detection at the time of the initial claim. It is not enough that the extent of the injury was not discovered or contemplated due to the lack of a more thorough examination which could have been conducted earlier. Plaintiffs filed their motion for leave to amend on August 13, 1984 (Docket Entry 25). On August 31, 1984, plaintiffs filed a supplemental memorandum (Docket Entry 30) in response to the reply filed by the United States. (The government's reply was filed on August 21, 1984 (Docket Entry 27).)

As grounds for this motion, plaintiffs point to the results of a more thorough medical evaluation of the infant plaintiff Marc Williams, conducted by a psychologist (Dr. Jim Milham) on June 25, 1984. Plaintiffs state that at the time of presenting their initial claim to the United States, and of filing the complaint in this action on October 11, 1983, the infant plaintiff was being treated and evaluated by a neurologist (Dr. George E. Levy). Crucial to this Court's determination of the motion to amend is the fact that plaintiffs have made no allegation that the psychologist *could not* have examined the infant plaintiff, and rendered his diagnosis, at an earlier time, prior to the presenting of the claim. Plaintiffs allege only that the psychologist *did not* do so, because plaintiffs did not retain the psychologist earlier.

 Leave to amend under 28 U.S.C. § 2675(b) is generally granted "only when an unexpected change occurred either in the law or in a medical diagnosis." *O'Rourke v. Eastern Air Lines, Inc.*, 730 F.2d 842, 856 (2d Cir.1984). To be allowed to amend, plaintiffs must show that the evidence could not have reasonably been discovered at the time of presenting the initial claim to the United States. *Galli-more v. United States*, 530 F.Supp. 136, 138 (E.D.Pa.1982); *Fraysier v. United States*, 566 F.Supp. 1085, 1090 (S.D.Fla. 1983) (Spellman, J.) See *McDonald v. United States*, 555 F.Supp. 935, 957–62 (M.D.Pa.1983) and Jayson, L., 2 *Handling Federal Tort Claims* § 228.07[2], at pp. 10–51—10–53 (revised ed. 1984) and the cases discussed therein. Plaintiffs have not shown that their claim for increased damages is supported by any evidence which was not reasonably discoverable at the time plaintiffs presented their initial claim to the United States. This Court will deny the motion for leave to amend.

This Court will consider the instant order as including the findings of fact and conclusions of law required to be entered, under Rule 52 of the Federal Rules of Civil Procedure, upon the trial of the issue of liability. Although the findings and conclusions have not been stated in separate numbered paragraphs, this Court believes that the instant order satisfies the purpose of Rule 52. *Ramirez v. Hofheinz*, 619 F.2d 442, 445 (5th Cir.1980); *Pierre v. Hess Oil Virgin Islands Corporation*, 624 F.2d 445, 450 (3d Cir.1980); *McCrea v. Harris County Houston Ship Channel Navigation District*, 423 F.2d 605, 610 (5th Cir.) cert. denied 400 U.S. 927, 91 S.Ct. 189, 27 L.Ed.2d 186 (1970).

In a separate order, this Court will establish a final discovery schedule and set a trial date for the remaining issue of damages.

Accordingly, it is

ORDERED and ADJUDGED as follows:

1. The United States, as defendant, is hereby held to be liable to plaintiffs, for the injuries suffered by plaintiffs, as a result of negligence on the part of an agent and employee of the United States.

2. The counterclaim for contribution, asserted by the United States as defendant against the adult plaintiff Mary Williams, is hereby stricken.

3. The adult plaintiff Mary Williams is hereby held to have been negligent, and that negligence is hereby held to have con-

tributed to the injuries suffered by the minor plaintiff, Marc Williams. Any recovery by the adult plaintiff Mary Williams on her claim in this action will be reduced, by fifty percent (50%), to reflect the comparative negligence on her own part.

4. The motion filed by plaintiffs on August 13, 1984 (Docket Entry 25) asking leave to amend their complaint to assert an increased demand for damages is denied, on the grounds that plaintiffs have not offered any newly discovered evidence in support of their motion. The maximum recovery in this action will be limited to thirty-five thousand dollars ($35,000.00) on the claim of the infant plaintiff Marc Williams, and seven thousand five hundred dollars ($7,500.00) (after reduction to reflect the contributory negligence) on the claim of the adult plaintiff Mary Williams.