## LUBIN, etc. v LAW ENFORCEMENT INS. LIMITED OF HAMILTON, etc., et al.

### Case No. 77 4751 CA (L) 01 H

Fifteenth Judicial Circuit, Palm Beach County

June 20, 1985

### APPEARANCES OF COUNSEL

**Robert L. Sellars** for defendant, Florida Power & Light Company.

**Eric Hewko** for plaintiffs.

**Phillip C. Houston** for plaintiffs.

**Frank J. McKeown, Jr.** for Sheriff Wille & Law Enforcement.

**Dennis A. Vandenberg** for Ted Satter Enterprises, Inc.

**John J. Bulfin** for Rayside Mechanical.

## OPINION OF THE COURT

RICHARD I. WENNET, Circuit Judge.

## ORDER GRANTING SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's, Willi Ackerman, Sr., Motion for Summary Judgment on the claims of Defendant, FLORIDA POWER & LIGHT COMPANY (FP&L) wherein FP&L seeks contribution against Plaintiff. The Court having studied the brief filed, heard argument of counsel and being otherwise fully advised in the premises, finds as follows:

1. This action arises out of an automobile accident in December 1977 wherein the car Plaintiff Ackerman was driving plunged headlong into a lake located on Flamango Lake Drive in West Palm Beach, Florida. Plaintiff Ackerman and his two minor children survived while his wife, Bette Ackerman, and another passenger were killed. Plaintiff Ackerman as personal representative of his wife's estate sued FP&L, among others, and FP&L counterclaimed against Plaintiff Ackerman as a joint tortfeasor for contribution.

2. Plaintiff Ackerman argues that under Florida law he is not liable for contribution since he had no liability coverage in force at the time of the accident. The undisputed material facts demonstrate that this is the case. FP&L argues that a factual question exists precluding summary judgment as the car Plaintiff Ackerman was driving was registered, and under Florida law in effect in 1977 Ackerman could not have obtained the registration without proof of liability insurance. This is the only evidence on point presented by FP&L. The registration arguably proves that Ackerman had insurance at the time of the registration, but it does nothing to prove that Ackerman had insurance at the time of the accident which is the operable point in issue.

3. This action has been in litigation for over eight years, and FP&L has had ample time and opportunity for discovery. Other than what has been asserted above, FP&L has demonstrated no conflicting facts which would tend to show that Ackerman had insurance at the time of the accident.

4. The law is clear that a child may maintain a tort action against a parent only to the extent of the parent's available insurance coverage. *Joseph v. Quest*, 414 So.2d 1063 (Fla. 1982); *Ard v. Ard*, 414 So.2d 1066 (Fla. 1982). FP&L asserts that the Joseph case applies only to direct actions and not to derivative claims. However, the Florida

38

Supreme Court has made no such distinctions in its very clear statement of the law. Accordingly, Plaintiff Ackerman can be held liable for contribution only to the extent of any liability insurance coverage he may have owned. In this case, the undisputed facts demonstrate he had none. It is thereupon

ORDERED AND ADJUDGED that Plaintiff Ackerman's Motion for Summary Judgment is granted as to Defendant FP&L's Third Party Complaint for contribution against Willi Ackerman, Sr.