Fabian McFARLANE, an infant by his mother and natural guardian Jenny McFARLANE and Jenny McFarlane, individually, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

No. CV 87–1896 (RJD).

United States District Court, E.D. New York.

May 11, 1988.

Bruce J. Ressler, Ressler & Ressler, New York City, for plaintiffs.

Joseph McCann, Asst. U.S. Atty., E.D. N.Y., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

DEARIE, District Judge.

This is a Federal Tort Claims Act ("FTCA") suit for damages allegedly sustained by an infant plaintiff and his mother, derivatively. The government has moved to reduce the *ad damnum* clause for the first cause of action in favor of the infant-plaintiff Fabian McFarlane to the amount stated in his administrative claim before the Federal Aviation Administration.[1] For the reasons stated below, the motion to reduce the *ad damnum* is granted.

## FACTS

On August 5, 1986, plaintiff Fabian McFarlane, who was then twelve years old and visiting his aunt in West Palm Beach, Florida, was involved in an accident with Willie James Weatherly, an employee of the Federal Aviation Administration ("FAA"). The police report of the accident indicates that Fabian was riding his bicycle and Mr. Weatherly was driving his car when they came into contact. The police report also noted that the speed of each at the time of impact was estimated to be two m.p.h.

On the same day of the accident, Fabian McFarlane was examined at Humana Hospital in Palm Beach, Florida. The radiologist's report of the examination noted that Fabian's x-rays were "highly suspicious for an avulsion fracture [of the ankle]." In addition, both the hospital Discharge Summary and the Rehabilitation Plan of Care noted a diagnosis of a fracture. One week after the accident, Fabian's aunt took him

to an orthopedist, Dr. Donald Lambe, in West Palm Beach. An insurance form filled out by Dr. Lambe on August 12, 1986 indicates a diagnosis of a "contusion of [Fabian's left] foot." Subsequently, upon returning to New York, Fabian visited Dr. Marvin Gilbert for an examination. Following that examination, Dr. Gilbert diagnosed Fabian's injuries on an insurance form dated September 22, 1986, as a chip fracture of the ankle.[2]

Approximately two months later, on November 19, 1986, Fabian's father submitted a notice of claim to the FAA. The notice of claim listed total damages of $282.00 and claimed the injury as a "contusion of left foot...." On February 11, 1987, the government denied the claim based on a lack of evidence of negligence.

Subsequently, the McFarlanes retained the firm of Ressler & Ressler, who commenced this action on June 10, 1987, seeking $2,000,000.00 in damages on behalf of Fabian McFarlane and $200,000.00 in behalf of Jenny McFarlane, Fabian's mother. Notwithstanding the fact that the FAA had already acted on the previous notice of claim, the Ressler & Ressler firm submitted an "amended" notice of claim. This second notice, listing only Fabian as a claimant but signed by Jenny McFarlane as Fabian's "mother and natural guardian," alleged damages of $500,000.00 for "multiple personal injuries including a fractured left leg". On September 28, 1987, the FAA responded to this second notice by stating "[i]nasmuch as an SF95 [notice of claim] was filed on November 19, 1986, for Fabian McFarlane's injuries, the September 2 claim shall be treated as an amendment to the claim, and is accordingly rejected in that final agency action on the claim was taken, by denying the same, on February 11, 1987."

---

**1.** The government also moved to dismiss the second cause of action in the complaint in favor of plaintiff Jenny McFarlane in her individual capacity. At the oral argument of this motion, plaintiffs' counsel withdrew his opposition to this branch of the government's motion.

**2.** The insurance form dated September 22, 1986 is the only contemporaneous indication of Dr. Gilbert's diagnosis. Although plaintiff's counsel

submitted a letter from Dr. Gilbert stating his diagnosis of a "soft tissue injury," this letter, addressed to plaintiffs' counsel, was written in November of 1987, long after the initial notice of claim was filed. Thus, it could not have influenced Fabian's parents' belief about the extent of Fabian's injuries prior to the filing of the notice of claim.

On September 18, 1987, the government answered the complaint, asserting, *inter alia,* as a defense the fact that the *ad damnum* clause in the complaint exceeded the sum presented to the administrative agency and that, accordingly, the Court lacked subject matter jurisdiction for any sum in excess of $282.00.

DISCUSSION

Although it is the general rule that a plaintiff cannot institute an action under the FTCA for an amount in excess of the amount of the claim presented to the appropriate federal agency, 28 U.S.C. § 2675(b), the FTCA does have exceptions to this damage limitation. Thus, a plaintiff may file a lawsuit with an *ad damnum* in excess of the amount in the notice of claim where "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). In interpreting this exception, the Second Circuit has pointed out that "[t]he FTCA, as a statute waiving sovereign immunity, must be complied with strictly." *O'Rourke v. Eastern Airlines,* 730 F.2d 842, 856 (2d Cir.1984).

Plaintiff makes several arguments in opposition to the government's motion. First, plaintiff argues that in this state "an infant's case cannot be compromised without order of the Court." Next, he argues that because the FAA treated the second notice of claim as an "amendment" to the original claim, the government cannot now seek to impose the limitation of $282.00 found in the original claim. Plaintiff also argues that certain findings made by a doctor in February of this year constitute "newly discovered evidence" that would permit plaintiff to recover in excess of the amount stated in the original notice of claim. Finally, plaintiff maintains that several courts have allowed infant plaintiffs to claim damages in excess of the notice of claim even where there has been no newly discovered evidence or intervening facts, and urges this Court to do likewise with respect to Fabian McFarlane's claim.

■ Plaintiff's arguments are unpersuasive. First, the Court fails to understand the significance of the assertion made by plaintiff's counsel that "an infant's case cannot be compromised without an order of the Court." Counsel fails to explain the legal significance of that assertion in the context of this action. While it is true that in certain instances the Court must approve the settlement of an infant's case, there is no settlement involved here. Rather, what is involved is a determination whether Fabian McFarlane satisfied the procedural requirements for *asserting* a claim. Accordingly, this argument must fail.

■ Next, plaintiff's argument regarding the FAA's treatment of the "amended" notice of claim is flawed because the regulation governing amendments of notices of claim provides that where, as here, an agency takes final action on a notice of claim, an amendment will be deemed proper only when it is submitted *prior* to the time that agency acts. *See* 28 C.F.R. § 14.2(c)(1987). In the instant action, plaintiffs submitted the amended notice of claim *after* the agency acted and after the judicial complaint was filed.

■ Moreover, although the FAA stated that it would treat the second notice of claim as an "amendment" of the prior one, it ultimately rejected the second notice of claim because final agency action had been taken on the initial one. Thus, it is clear that the FAA did not treat the second notice of claim as an amended claim, but rejected the second notice of claim outright. Accordingly, the FAA's characterization of the second notice of claim as an amendment is of no significance. *Cf. Woirhaye v. United States,* 609 F.2d 1303, 1306 (9th Cir.1979) (agency action is final *unless* timely amendment is filed or agency leads claimant to believe that original claim is still actively being considered.)

■ Plaintiffs' next argument relates to the "newly discovered evidence." As pointed out above, a plaintiff may file an action with an *ad damnum* in excess of the amount in the notice of claim only if the increased amount is based on "newly dis-

covered evidence not reasonably discoverable at the time of presenting the claim to the federal agency...." 28 U.S.C. § 2675(b).[3] Plaintiff argues that it was only in February of this year that Dr. Gilbert concluded that Fabian suffered a fractured ankle, and thus this satisfies the "newly discovered evidence test." This argument is without merit because, as noted above, Dr. Gilbert diagnosed an ankle fracture for Fabian McFarlane in September of 1986. Furthermore, Humana Hospital diagnosed an ankle fracture on the very day that Fabian was injured. Thus, plaintiff cannot seriously argue that an ankle fracture "was not reasonably discoverable" at the time the initial notice of claim was filed. *See, e.g., Williams by Williams v. United States,* 608 F.Supp. 269, 273 (S.D. Fla.1985) ("new developments must not have been reasonably capable of detection at the time of the initial claim").

 Finally, plaintiff argues that the Court should take into consideration Fabian McFarlane's infancy when considering his less-than-complete compliance with the procedural requirements of the FTCA. While it is true that several courts have taken a claimant's age into account and excused complete compliance with the statutory scheme, *see, e.g., Stokes v. United States,* 444 F.2d 69, 70 (4th Cir.), *cert. denied,* 404 U.S. 1002, 92 S.Ct. 571, 30 L.Ed.2d 555 (1971); *Forest v. United States,* 539 F.Supp. 171, 174 (D.Mont.1982); *Young v. United States,* 372 F.Supp. 736, 741 (S.D. Ga.1974); *Locke v. United States,* 351 F.Supp. 185, 187 (D.Haw.1972), such an approach is unsupported by the statutes, regulations, and the legislative history. *See Muldez v. United States,* 326 F.Supp. 692, 693 (E.D.Va.1971) ("The minority of the plaintiff affords no protection to plaintiff under the Federal Tort Claims Act"). In light of this, it is not the Court's prerogative to establish exceptions that Congress could have established, but did not, when it established the exceptions for "newly discovered evidence" and "intervening facts." *See Andrus v. Glover Const. Co.,* 446 U.S.

608, 616, 100 S.Ct. 1905, 1910, 64 L.Ed.2d 548 (1980) ("where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent"). Accordingly, this argument is rejected.

## CONCLUSION

The motion of the United States to reduce the *ad damum* to the amount stated in the notice of claim is granted.

SO ORDERED.

---

**3.** Section 2675(b) also allows the filing of an action with damages greater than those claimed in the notice of claim where plaintiff can establish "intervening facts" relating to the amount of the claim. Plaintiff does not rely on this provision.