BARKDULL, Judge.
The first question raised in this appeal is whether or not Florida’s comparative negligence statute, § 768.81, Fla.Stat. (1993), as recently interpreted by the Florida Supreme Court in Fabre v. Marin, 623 So.2d 1182 (Fla.1993), permits the reduction of a minor child’s recovery due to negligent supervision by his parent. The second issue on appeal is whether a jury verdict for zero dollars in medical expenses is proper, in light of an award for past pain and suffering.
The facts of the case are relatively simple. Armando Rodriguez was sitting next to his mother, Raquel Godales, on the stairs connecting the first and second floors of their apartment building. He fell beneath the lower guardrail of the open staircase and the *872 accident resulted in a skull fracture. Ms. Godales brought a negligence action against the building’s owner on her own behalf and on her son’s behalf, alleging that the owner was negligent in maintaining the premises. On the day of trial, Ms. Godales withdrew her derivative claim and was no longer a party to the lawsuit.
At trial, Ms. Godales proved that the apartment complex stairway was in violation of the South Florida Building Code which required the guardrails on such stairways to reject an object six inches in diameter. The opening between the tread of the steps and the lower guardrail that allegedly caused the injuries was seventeen inches wide.
The jury received instructions that the defendant was negligent as a matter of law, and only the issue of whether or not the defendant’s negligence was a legal cause of injury to the child was submitted for consideration. In addition, the jury was instructed to determine whether or not the child’s mother, Ms. Godales, was negligent for failing to provide adequate supervision, and whether such negligence was also a legal cause of injury to the child. Over objection, the verdict form listed both the defendant, Y.H. Investments, and the mother, Ms. Godales, with instructions to state the percent of negligence attributable to each.
The jury returned with a verdict awarding damages to Armando Rodriguez in the amount of $42,500.00 for past pain and suffering, and zero damages for past medical expenses. The jury found Y.H. Investments and Ms. Godales to each be fifty percent negligent. On this basis, the trial court entered a final judgment entitling the minor to recover only one-half, or fifty percent, of the jury’s assessed damages, $21,250.00, from Y.H. Investments. We hold that this constituted error.
A statute passed in derogation of the common law must be narrowly construed in favor of the broadest possible retention of the pre-existing common law rule. Thornber v. City of Ft. Walton Beach, 568 So.2d 914 (Fla.1990); Graham v. Edwards, 472 So.2d 803 (Fla. 3d DCA 1985), review denied, 482 So.2d 348 (Fla.1986). The common law rule in Florida has been that the negligence of a parent or other custodian could not be imputed to the child so as to preclude recovery. See Orefice v. Albert, 237 So.2d 142 (Fla.1970); Burdine’s, Inc. v. McConnell, 146 Fla. 512, 1 So.2d 462 (Fla.1941); Dubov v. Ropes, 124 So.2d 34 (Fla. 3d DCA 1960). Under the doctrine of contributory negligence, the contributory negligence of a parent could not preclude the child from recovering against a third-person tortfeasor. Id. In Hoffman v. Jones, 280 So.2d 431 (Fla.1973), the comparative negligence view was adopted, requiring that liability be equally apportioned on the basis of fault. Subsequent to Hoffman, the Florida Legislature enacted the Uniform Contribution Among Tortfeasors Act, which grants a joint tortfeasor the right to seek contribution from other tortfeasors according to relative degrees of fault. Ch. 75-108, Laws of Fla. (1975); see also, § 768.31 Fla. Stat. (1993). In Shor v. Paoli, 353 So.2d 825 (Fla.1977), a third party tortfeasor was permitted to obtain contribution from the co-' tortfeasor spouse of the plaintiff. However, in Joseph v. Quest, 414 So.2d 1063 (Fla.1982), the Florida Supreme Court limited that decision as applied to the relationship between parent and child. The court held that contribution is available against a parent, but only to the extent of existing liability insurance coverage for the parent’s tort against the child. Joseph at 1065. In Ard v. Ard, 414 So.2d 1066 (Fla.1982), the Florida Supreme Court extended this view to allow an un-emancipated child to even bring suit against a parent, but in reaffirming its adherence to parental/family immunity, only allowed a waiver of that immunity to the extent of the parent’s liability coverage. Throughout these changes in the law, one constant has remained. That is, the child’s award has never been reduced due to the negligence of the parent. In such cases, the parent’s derivative claim has been reduced, but the shift from contributory negligence to comparative negligence has not affected the courts’ refusal to impute the negligence of a parent to the child. See McDonough Power Equip. Inc. v. Brown, 486 So.2d 609 (Fla. 4th DCA 1986).
The recent decision of the Florida Supreme Court in Fabre, supra, interprets the comparative negligence statute, § 768.81 *873 Fla.Stat. (1993). This decision interprets the statute to require that liability be apportioned to all participants of an accident, regardless of their participation in the lawsuit. Fabre at 1185. In two cases interpreting this statute, the Florida Supreme Court has allowed contribution even in light of an employer-employee relationship and a spousal relationship. Fabre, supra; Allied-Signal, Inc. v. Fox, 623 So.2d 1180 (Fla.1993). However, the doctrine of interspousal immunity had been abrogated by the time of the Allied-Signal decision. See Waite v. Waite, 618 So.2d 1360 (Fla.1993). The parent-child immunity, albeit limited, remains intact.
In resolving the instant appeal this Court must look to the underlying rationale in other related cases, where the Florida Supreme Court has refused to liken the parent-child relationship to that of husband-wife. The rationale behind the Joseph decision was based on the fact that minors and infants are required to bring suit through a guardian ad litem, representative, or next friend. Joseph at 1064; Fla.R.Civ.P. 1.210(b). Most injured infants or minors bring suit through their parents. If the parents fear possible liability through contribution then it would be their decision, and not that of the child, to withhold the suit. This distinction from other tort eases, not involving minors, plays an important role in the outcome of this decision. The language of § 768.81 Fla.Stat. (1993) does not explicitly abrogate the common law rule that a child’s recovery should not be diminished by his parent’s negligence. As such, it must be construed to preserve this common law rule. Thornber, supra; Graham, supra. The true distinction in this case is that this plaintiff is a child who remains dependent on his guardian for the prosecution of his action, and the guardian might be deterred by the prospect of diminished recovery because of his or her own negligence. However, it would have been proper for the trial court to include Ms. Godales on the verdict form, pursuant to § 768.81(3) Fla.Stat. (1993), if she maintained liability insurance that could have been used for contribution. Joseph, supra; Ard, supra. But that is not the case here.
A valid policy consideration arises in light of this opinion, in that a negligent parent might be permitted to benefit from his or her own negligence. However, a court can protect the child’s damage award from diversion by the parents by placing the award in a trust and appointing a non-parent trustee. § 768.23 Fla.Stat. (1993). Accordingly, we hold that the trial court erred in allowing the minor plaintiff to recover only one-half of the jury’s assessed damages.
We hereby certify to the Florida Supreme Court that the decision of this Court on this issue passes upon a question of great public importance concerning the interpretation and application of § 768.81 Fla.Stat. (1993) in determining whether a minor child plaintiff’s award should be reduced by the negligence of the non-party parent or guardian, and to the benefit of the defendant tortfeasor. Art. V, § 3(b)(4), Fla. Const.
Next, we hold that the jury’s finding of zero damages for medical expenses is inconsistent with its finding of $42,500.00 for past pain and suffering. See Casper v. Melville Corp., 656 So.2d 1354 (Fla. 4th DCA 1995). Even if the jury heard evidence regarding the payment of some medical expenses by Medicaid, the recovery cannot be reduced by the amount of these proceeds. § 768.76(1) Fla.Stat. (1993); Calloway v. Dania Jai Alai Palace, Inc., 560 So.2d 808 (Fla. 4th DCA 1990), citing Paradis v. Thomas, 150 So.2d 457 (Fla. 2d DCA 1963); Janes v. Baptist Hospital of Miami, Inc., 349 So.2d 672 (Fla. 3d DCA 1977), citing Walker v. Hilliard, 329 So.2d 44 (Fla. 1st DCA 1976). This, of course, does not affect the entitlement of Medicaid to recover such sums. Janes, at 672. At a very minimum, Armando Rodriguez is entitled to recover for the past medical expenses found to be “reasonable and necessary” or for treatment which was never controverted. As that determination cannot be made from the record, the case is remanded for a new trial on this issue.
Reversed and remanded for a new trial.