448 So.2d 1179 (1984)
CHINOS VILLAS, INC., Appellant,
v.
Antonio BERMUDEZ and Flor De Maria Bermudez, Individually, Appellees.
No. 83-2096.
District Court of Appeal of Florida, Third District.
April 17, 1984.
*1180 Preddy, Kutner & Hardy, G. William Bissett, Miami, for appellant.
Brumer, Cohen, Logan & Kandell, Karen A. Curran, Miami, for appellees.
Before SCHWARTZ, C.J., and PEARSON, DANIEL S., J., and LESTER, M. IGNATIUS, Associate Judge.
LESTER, M. IGNATIUS, Associate Judge.
This is an appeal by the defendant seeking review of an order of the trial court dismissing the counterclaim for contribution without leave to amend.
This action was commenced by the parents of Pablo Bermudez, both in their individual and representative capacity, against the defendant, Chinos Villas, Inc., alleging the defendants failed to provide lifesaving apparatus and other emergency assistance, which negligence caused or contributed to causing the drowning death of their four-year-old son. Defendant counterclaimed against the deceased's parents in their individual capacity, seeking contribution predicated by the parents' alleged negligent failure to properly supervise, control and protect their minor son, which negligence either caused or contributed to causing the drowning death of the child. The parents moved to dismiss the counterclaim on the grounds that section 768.31, Florida Statutes (1981) does not permit a counterclaim for contribution and defendant does not have the right to contribution pursuant to said statute. The trial court granted plaintiffs' motion to dismiss without leave to amend, but without prejudice to assert the same claim in a separate and subsequent suit.
The threshold question raised in this appeal, which must be addressed is whether the order dismissing defendant's counterclaim for contribution is a final appealable order. We have jurisdiction. Ryder Truck Lines, Inc. v. Pough, 392 So.2d 590 (Fla. 3d DCA 1981).
It is now well settled, after the supreme court's decision in Joseph v. Quest, 414 So.2d 1063 (Fla. 1982), that an action for contribution is available to a third party tortfeasor against parents whose neglect in parental supervision and control contributes to causing injuries to their minor child.
The only question which now needs to be addressed by this court is whether the trial court can dictate the time and manner in which contribution can be pursued. The Uniform Contribution Among Tortfeasors Act, § 768.31, allows the defendant to file a permissive counterclaim for contribution. See Ryder Truck Lines, Inc. v. Pough. The policy expressed by our supreme court many times to encourage litigants to file permissive counterclaims has been set forth in Wincast Associates, Inc. v. Hickey, 342 So.2d 77 (Fla. 1977). The most orderly and logical manner in which necessary "common liability" can be established should be in a single action, which is amply set forth in the opinion in New Hampshire Insurance Co. v. Petrik, 343 So.2d 48 (Fla. 1st DCA 1977):
The logic is recognized that to allow such a procedure efficiently conserves the court's time, effort, expense, and provides consistency of result wherein the action which establishes the plaintiff's right to recovery also establishes against whom that recovery should be made.
343 So.2d at 50.
We reverse the trial court order dismissing the defendant's counterclaim and the *1181 cause is remanded to the trial court with directions to permit the maintenance of both the affirmative defense of the parents' comparative negligence and the counterclaim for contribution in the present action. See Joseph v. Quest; Wincast Associates, Inc. v. Hickey; New Hampshire Insurance Co. v. Petrik.
Reversed and remanded.