537 So.2d 685 (1989)
Jeanette JOHNSON and Felix Johnson, Appellants,
v.
SCHOOL BOARD OF PALM BEACH COUNTY, etc., Appellee.
No. 87-1324.
District Court of Appeal of Florida, Fourth District.
January 25, 1989.
James C. Blecke and Susan S. Lerner, Miami, for appellants.
Lawrence I. Bass and John P. Wiederhold of Wiederhold, Moses & Bulfin, P.A., West Palm Beach, for appellee.
STONE, Judge.
The parents of a deceased minor appeal from a contribution award in favor of the defendant school board. The contribution order was based on a jury verdict finding each plaintiff-parent 20% negligent in the accident. The trial court, on the contribution claim by the school board, reasoned that each parent, in addition to being 20% comparatively negligent on his or her own claim, was also 20% responsible for contribution on the claim of the other parent.
The appellants contend that the doctrine of family immunity bars the school board from seeking contribution. See Joseph v. Quest, 414 So.2d 1063 (Fla. 1982) (where child, or someone on behalf of child, recovers, contribution is available against the parent only to the extent of insurance coverage). See also Woods v. Withrow, 413 So.2d 1179 (Fla. 1982). Here, there was no insurance coverage.
However, in this case suit was instituted by the appellants in their own right under section 768.21, Florida Statutes, (wrongful death statute) and not on behalf of the child. Therefore, Joseph v. Quest is not controlling because the injuries claimed *686 were not those of the deceased child but of the parents as survivors.
In Shor v. Paoli, 353 So.2d 825 (Fla. 1977), affirming, 345 So.2d 789 (Fla. 4th DCA 1977), the supreme court recognized that the common law doctrine of interspousal immunity did not control over section 768.31, Florida Statutes, the Uniform Contribution Among Joint Tortfeasors Act, where one tortfeasor seeks contribution from the tortfeasor-spouse of the injured person. See also Florida Farm Bureau Ins. Co. v. Government Employees Ins. Co., 387 So.2d 932 (Fla. 1980).
In Shor, the court quoted approvingly from the opinion of this court in which it was said, "To say that Shor doesn't have to contribute and account for her wrongdoing would be unfair to Paoli and a windfall to Shor." Id. at 826. Similarly here, to say that each parent does not have to contribute and account for his or her share of the wrongdoing to the other parent would be unfair to the school board and a windfall to each appellant. Although the appellants are not insured, it is clear that there is no insurance requirement in Shor as there is in Joseph. We find no indication in Joseph of any intent to depart from the general rule established in Shor with respect to interspousal immunity. Rather, in Joseph the court simply elected, for the sound policy reasons expressed, not to extend the Shor principles to parent-child family immunity, except to the extent of insurance coverage.
It is clear that none of the policy reasons distinguishing Joseph from Shor are applicable here. Further, in Florida Farm Bureau Ins. Co. v. Government Employees Ins. Co., the Supreme Court determined that the existence of insurance coverage is not a factor in a contribution claim against the spouse of the injured party.
THE FINAL JUDGMENT IS THEREFORE AFFIRMED.
DELL and GUNTHER, JJ., concur.