588 So.2d 244 (1991)
Stephen GURNEY and Deborah Gurney, Appellants/Cross Appellees,
v.
Winton Ray CAIN and Tena Cain and Bulldog Fence Company, Appellees/Cross Appellants.
Nos. 90-0054, 90-0454.
District Court of Appeal of Florida, Fourth District.
September 11, 1991.
On Motion for Rehearing November 20, 1991.
Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellants/cross appellees.
William E. Pruitt of Pruitt & Pruitt, P.A., West Palm Beach, for appellees/cross appellants  Winton Ray Cain and Tena Cain.
Michael B. Davis of Davis, Carroll, Colbath & Isaacs, West Palm Beach, for appellee/cross appellant  Bulldog Fence Company.
WARNER, Judge.
This is an appeal from a final judgment in a wrongful death case. The issue presented deals with the proper interpretation and application of the comparative fault statute, section 768.81, Florida Statutes (1987), the imputation to a nonnegligent parent of the comparative negligence of the other parent in the death of a child, and the contribution among joint tort-feasor statute, section 768.31, Florida Statutes. For the following reasons we affirm in part and reverse in part.
Mr. and Mrs. Cain, appellees herein, sued the Gurneys for negligence which resulted *245 in the drowning of the Cain's daughter in the Gurney's swimming pool. The Gurneys then brought two claims for contribution. They first counterclaimed against the Cains based on their comparative negligence in failing to supervise their daughter and also against Bulldog Fence Company, which installed the gate around the pool. After a jury trial, the jury assessed the Gurneys 33 1/3% at fault, and Mr. Cain, 66 2/3% at fault with no fault assessed against Mrs. Cain. In the third party action, the jury allocated the following percentages of fault: the Gurneys, 65% and Bulldog, 35%. The jury assessed a small amount of damages for the estate, which is not in dispute here, and $150,000 to each Mr. and Mrs. Cain. In rendering the Final Judgment, the trial court reduced Mr. Cain's award to $50,000 on account of his percentage of negligence but did not reduce Mrs. Cain's damages. The court subsequently entered an order on the third party action for contribution, requiring Bulldog to pay 35% of what the Gurneys were obligated to pay under the judgment. From these orders, the parties appealed.
The Gurneys argue that section 768.81(3), Florida Statutes, first applies. That section reads:
(3) APPORTIONMENT OF DAMAGES.  In cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability... .
Thus according to appellants both Mr. Cain and Mrs. Cain are entitled each to only $50,000 from the Gurneys, because the jury determined that the Gurneys were only one third at fault. Then, appellees contend that because of the contribution among joint tort-feasor statute and this court's decision in Johnson v. School Bd. of Palm Beach County, 537 So.2d 685 (Fla. 4th DCA 1989), Mr. Cain's award is reduced again because of the Gurneys' entitlement to contribution on Mrs. Cain's award because of Mr. Cain's negligence. Thus, Mr. Cain's award is reduced by another two-thirds to make the net award to Mr. Cain of $16,666.67. Bulldog then is liable to the Gurneys for 35% of whatever total damages the Gurneys are ultimately liable.
In making this argument the Gurneys overlook the application of other statutes which control in this case. The tort reform act of 1986 of which section 768.81, Florida Statutes, is a part made substantial changes in Florida law with respect to the determination of damages and joint and several liability. However, as part of that act, section 768.71(3) provided:
If a provision of this part is in conflict with any other provision of the Florida Statutes, such other provision shall apply.
The Cains contend that section 768.20, Florida Statutes, enacted in 1972 conflicts with 768.81 in this case and thus pursuant to section 768.71(3) applies. We agree.
Section 768.20, Florida Statutes states in part:
A defense that would bar or reduce a survivor's recovery if he were the plaintiff may be asserted against him, but shall not affect the recovery of any other survivor.
This statute was enacted as part of a substantial revision of the wrongful death act. At the time of its enactment, Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), had not been written, and the contributory negligence of a plaintiff was still a complete bar to recovery, although criticism of the rule was strong. In addition, prior to the enactment of section 768.20, under the then existing wrongful death statutes, the negligence of one parent contributing to the death of the child would be imputed to the other parent and bar recovery to both. Martinez v. Rodriguez, 215 So.2d 305 (Fla. 1968). With that background section 768.20, Florida Statutes, was enacted. That statute legislatively overruled the Martinez decision and its predecessors. However, it not only covered contributory negligence but with foresight anticipated the establishment of comparative negligence when it provided that "a defense that would bar or reduce a survivor's recovery" (emphasis supplied) shall not affect the recovery of any other survivor. Thus, in the *246 wrongful death of a child, the comparative negligence of one parent may affect his own recovery but not that of the non-negligent parent. See Singletary v. National R.R. Passenger Corp., 376 So.2d 1191 (Fla. 2d DCA 1979) (holding that the enactment of the 1972 changes in the wrongful death statute made obsolete the ruling in Martinez, although the decision did not specifically address the quoted portion of section 768.20, Florida Statutes.)
Thus, while section 768.81, Florida Statutes, provides that the court shall enter judgment against each party liable on the basis of such party's percentage of fault, under section 768.71(3) that statute must yield to section 768.20 where they conflict. We find that they conflict here, because the Gurneys' interpretation that they are liable for only one third of Mrs. Cain's damages depends upon the reduction of Mrs. Cain's award by Mr. Cain's comparative negligence. Section 768.20 prohibits this. The trial court correctly concluded that Mrs. Cain was entitled to her full award of damages against the Gurneys.
Although section 768.81 eliminates the doctrine of joint and several liability to actions to which its provisions apply, since we have concluded that section 768.81 does not apply because of the priority of section 768.20, then the doctrine of joint and several liability applies pursuant to section 768.31, Florida Statutes. Therefore, Mr. Cain is liable for his share of the damage award for which the Gurneys are liable. Section 768.31(2)(b), Fla. Stat. (1987); Johnson v. School Board of Palm Beach County, 537 So.2d 685 (Fla. 4th DCA 1989). In Johnson, a case arising prior to the enactment of section 768.81, the parents sued the school board for the wrongful death of their child. The school board counterclaimed for pro-rata contribution against the parents for their lack of supervision. The jury found the school board 60% negligent and each parent 20% negligent. Each parent's award was first reduced by their own 20% negligence, and then further reduced for their contribution toward the other spouse's damages under section 768.31. Noting that Shor v. Paoli, 353 So.2d 825 (Fla. 1977), affirming, 345 So.2d 789 (Fla. 4th DCA 1977) held that the common law doctrine of interspousal immunity did not control over section 768.31, this court extended Shor's reasoning to wrongful death actions where the parents sue for the wrongful death of their child. This court found that for a negligent parent not to have to account for his or her share of the wrongdoing to the other parent would be unfair to the third party and a windfall to the negligent parent. Thus, applying Johnson to this case, Mr. Cain would be liable for contribution to the award to Mrs. Cain. This does not conflict with our interpretation of section 768.20, Florida Statutes. While Mr. Cain may have his own award reduced because of the requirement of his contribution, Mrs. Cain's award remains intact as the non-negligent spouse. Furthermore, even if a judgment is entered against Mr. Cain for that portion of the contribution claim which exceeds his own award, it will be a judgment solely against Mr. Cain and thus recoverable, if at all, against his solely owned assets. Based upon Johnson, we reverse and remand to the trial court to enter a judgment against Mr. Cain on the contribution claim.
We affirm without further discussion the cross appeal filed by the Cains.
Affirmed in part; reversed in part, and remanded with directions.
GLICKSTEIN, C.J., and GARRETT, J., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The motion for rehearing filed by appellant Bulldog Fence Company is granted and the opinion of this court is modified as follows. Upon remand the trial court shall also recompute the Third Party judgment award against Bulldog to properly reflect Bulldog's contribution obligation after the recomputation of the judgment in favor of the Cains and against the Gurneys and the judgment on the contribution claim, pursuant to this opinion.
*247 The remaining motions for rehearing are denied.
GLICKSTEIN, C.J., and WARNER and GARRETT, JJ., concur.