PER CURIAM.
This is an appeal by the plaintiff William F. Childers, as joint personal representative of the estate of his deceased son William Giles Childers, from a final judgment entered below on his survivor’s claim after a jury trial in a wrongful death action. The plaintiff contends that the trial court erroneously reduced the jury award returned in his favor by the 75% of comparative negligence which the jury found was attributable to his wife in the wrongful death sued upon. We agree and reverse based on a holding that in a wrongful death action involving a minor child, a jury award to the non-negligent parent on a survivor’s claim, as here, cannot be reduced by the percentage of comparative negligence attributed by the jury to the negligent parent for the wrongful death of the minor child. Gurney v. Cain, 588 So.2d 244 (Fla. 4th DCA1991), rev. denied, 599 So.2d 656 (Fla.1992); Singletary v. National R.R. Passenger Corp., 376 So.2d 1191 (Fla. 2d DCA1979) (opinion by Grimes, J.).
We find no error, however, in the summary judgment entered below in favor of the defendant University of Miami on the alleged medical fraud claim which is also under review. The record conclusively establishes that (1) no misrepresentation of a material fact was made in this case, and (2) no legally cognizable reliance on the alleged fraud occurred in any event; thus a viable cause of action for fraud was clearly disproved in this record. American Int’l Land Corp. v. Hanna, 323 So.2d 567, 569-70 (Fla.1975); Yanks v. Barnett, 563 So.2d 776, 777-78 (Fla. 3d DCA1990), rev. denied, 576 So.2d 295 (Fla.1991).
The summary judgment for the University of Miami is affirmed. The judgment on the survivor’s claim for William F. Childers is reversed and the cause is remanded to the trial court with directions to enter a final judgment for William F. Childers based on the jury award for the subject survivor's claim.
Affirmed in part, reversed in part.