ON MOTION FOR REHEARING GRANTED

PER CURIAM.
Our previous opinion filed December 21, 1994, is withdrawn, and this opinion is filed in its place.
This is a wrongful death action brought by appellee Cassandra Moss, the mother of a drowning victim, against appellants Larry and Sharon Hudson, the owners of the swimming pool where the child drowned. The Hudsons, in turn, filed a claim for contribution against the child’s father, appellee Anthony Moss, Senior, who had been supervising the child at the time of the drowning. See § 768.31, Fla.Stat. (1993). The case went to the jury, which found Anthony Moss 90% at fault, and Larry and Sharon Hudson each 5% at fault. Cassandra and Anthony Moss’s damages were assessed at $500,000 each, and the child’s estate was awarded $6,000. The trial court entered a judgment in favor of Cassandra Moss for $250,000 against Larry Hudson, and $250,000 against Sharon Hudson, this sum representing 100% of Cassandra Moss’s damages. The trial court’s judgment awarded Anthony Moss, as a survivor, $25,000 against Larry Hudson, and $25,000 against Sharon Hudson, this sum representing 10% of Anthony Moss’s damages. The trial court dismissed the Hudsons’ contribution claim against Anthony Moss because of family immunity coupled with Moss’s lack of insurance, relying on Joseph v. Quest, 414 So.2d 1063 (Fla.1982). The Hud-sons now appeal.
The Hudsons first challenge the jury’s findings on the liability issues. We find no error with respect to the trial court’s submission of the issues to the jury, nor with the jury’s conclusions. Therefore, we affirm the jury’s assessment of liability and damages in all respects. We also affirm that part of the final judgment which awards $6,000 to the child’s estate.
The Hudsons next challenge the part of the judgment which requires them to pay 100% of Cassandra Moss’s damages, despite the fact that the jury found them only 10% at fault. This result, however, is clearly mandated based upon the interplay of the comparative fault act and the wrongful death act. See §§ 768.20, 768.71, 768.81, Fla.Stat. (1993). Section 768.20 states that “[a] defense that would bar or reduce a survivor’s recovery if he were the plaintiff may be assessed against him, but shall not affect the recovery of any other survivor.” § 768.20, Fla.Stat. (1993) (emphasis added). This prohibits Cassandra’s recovery from being reduced due to Anthony’s negligence, thereby entitling her to recover 100% of her damages from the Hudsons. Section 768.81, on the other hand, requires that “the court shall enter judgment against each party liable on the basis of such party’s percentage of fault”, and would appear to indicate that the Hudsons should only be liable to Cassandra for 10% of her damages. § 768.81(3), Fla.Stat. (1993). However, section 768.81(3) yields to section 768.20 where the two conflict. See § 768.71(3), Fla. Stat. (1993); Childers v. Schachner, 612 So.2d 699, 700 (Fla. 3d DCA 1993); Gurney v. Cain, 588 So.2d 244, 245-46 (Fla. 4th DCA 1991), rev. denied, 599 So.2d 656 (Fla.1992). Consequently, Cassandra’s awards of $250,-000 against each of the Hudsons are affirmed.
*1073 We do find error, however, in the trial court’s dismissal of the Hudsons’ contribution claim against Anthony Moss. In dismissing the contribution claim, the trial court unhappily applied the Supreme Court’s decision in Joseph v. Quest, which allows a contribution claim for a child’s damages against a negligent parent only to the extent of the parent’s liability insurance. See 414 So.2d at 1065. We agree with the extension of Joseph v. Quest that was adopted by the Fourth District in Johnson v. School Bd., 537 So.2d 685 (Fla. 4th DCA 1989). In Johnson v. School Bd., the Fourth District held that parent/child immunity was not applicable to a contribution claim because the child was deceased, and the parents were suing for their own damages as survivors. See 537 So.2d at 685-86 (“Joseph v. Quest is not controlling because the injuries claimed were not those of the deceased child but of the parents as survivors.”). Instead, the Fourth District relied on Shor v. Paoli 353 So.2d 825, 826 (Fla.1977), which held that interspousal immunity does not bar a contribution claim by one tortfeasor against a joint tortfeasor who is the spouse of the injured party.
We believe that the reasoning of Shor v. Paoli is also applicable to our ease, and that Johnson v. School Bd. was properly decided. The policy underlying parent/child tort immunity — that parent-to-ehild liability will deter a parent from bringing an action for damages on behalf of an injured child — disappears entirely in the unfortunate ease when the child has died, and the parent is suing for their own damages as a survivor. Cf. Quest v. Joseph, 392 So.2d 256, 261 (Fla. 3d DCA 1981) (en banc) (discussing the policy behind family immunity), quashed, 414 So.2d 1063 (Fla.1982); Dressler v. Tubbs, 435 So.2d 792, 794 (Fla.1983) (the policy underlying interspousal immunity is no longer present where both the husband and wife are deceased). Requiring a third-party tortfea-sor to bear more than their pro rata share of liability by denying them contribution under these circumstances is, as the judge pointed out below, unfair. To do so would mean that a tortfeasor who is only responsible for 10% of the damages would have to pay 100% of the damages to a tortfeasor who is responsible for 90% of the damages. Under the facts of this case, and the case law cited above, that is legally impermissible. Consequently, the judge should not have dismissed the Hudsons’ contribution claim against Anthony Moss. Accord Gurney v. Cain, 588 So.2d at 246. The judgments in favor of Anthony Moss are therefore reversed, and this case is remanded for the entry of new judgments consistent with this opinion.[1]
Affirmed in part, reversed in part, and remanded with directions.

. Nothing in this court’s opinion in Chinos Villas, Inc. v. Bermudez, 448 So.2d 1179 (Fla. 3d DCA 1984), requires otherwise. Insurance was apparently available in Chinos Villas, thus precluding that panel from considering the issue now presented herein.