701 So.2d 418 (1997)
Billy Roy FRAZIER, as Personal Representative of the Estate of LaShae Trinise Anderson, and on behalf of Pamela Anderson, as surviving mother of LaShae Trinese Anderson and Billy Roy Frazier, as surviving father of LaShae Trinese Anderson, Appellant/Cross-appellee,
v.
METROPOLITAN DADE COUNTY, Appellee/Cross-appellant.
No. 96-2146.
District Court of Appeal of Florida, Third District.
November 12, 1997.
*419 H.T. Smith, Miami, for appellant/cross-appellee.
Robert A. Ginsburg, Metropolitan Dade County Attorney, Eric K. Gressman, Assistant County Attorney, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and COPE and GODERICH, JJ.
PER CURIAM.
The plaintiff, Billy Roy Frazier, etc., appeals, and the defendant, Metropolitan Dade County [Metro-Dade], cross-appeals from the final judgment. We reverse.
LaShae Trinese Anderson, a minor, drowned while swimming at a facility that was operated by Metro-Dade. At the time that LaShae drowned, she was being supervised by Metro-Dade lifeguards, her mother, Pamela Anderson, and her aunt, Trena Lopez.
LaShae's father, Billy Roy Frazier, as the decedent's personal representative, brought a wrongful death action against Metro-Dade on behalf of the decedent's survivors and the estate. § 768.20, Fla.Stat. (1995). In turn, Metro-Dade brought a claim for contribution against the mother. § 768.31, Fla.Stat. (1995). The case proceeded to trial, and the jury apportioned fault as follows: 14.7% to Metro-Dade, 39.5% to the aunt, 45.8% to the mother, and 0% to the father. The jury assessed the father's damages at $100,000, the mother's at $500,000, and the estate's at $5,472. After denying several post-judgment motions, the trial court entered a final judgment awarding the father $100,000 with $14,700 of that amount recoverable from MetroDade, *420 awarding the mother $271,000 with $14,700 of that amount recoverable from Metro-Dade, and awarding the estate $5,472 with the entirety recoverable from Metro-Dade.[1] The plaintiff appeals, and Metro-Dade cross-appeals. Both raise several issues that merit discussion.
First, the plaintiff contends that the father, as a non-negligent survivor, is entitled to recover the full $100,000 judgment from Metro-Dade because his recovery cannot be reduced by the comparative negligence of the mother. § 768.20, Fla.Stat. (1995). In response, Metro-Dade argues that it should only be responsible for 14.7% of the damages, its percentage of fault. § 768.81, Fla. Stat. (1995). We agree with the plaintiff, in part.
Section 768.20 of the Florida Wrongful Death Act provides, in pertinent part, that "[a] defense that would bar or reduce a survivor's recovery if he were the plaintiff may be asserted against him, but shall not affect the recovery of any other survivor." § 768.20, Fla.Stat. (1995). In other words, under the wrongful death statute, a non-negligent survivor's recovery cannot be reduced due to another survivor's negligence.
On the other hand, section 768.81(3), Florida Statutes (1995), provides, in pertinent part, that "the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability...." The comparative fault statute dictates that each party's liability is limited to that party's percentage of fault. The apparent conflict between these two statutes is resolved by section 768.71(3), Florida Statutes (1995), which provides that where the statutes conflict, the comparative fault statute must yield to the wrongful death statute. Hudson v. Moss, 653 So.2d 1071 (Fla. 3d DCA 1995), review denied, 673 So.2d 29 (Fla.1996); Gurney v. Cain, 588 So.2d 244 (Fla. 4th DCA 1991), review denied, 599 So.2d 656 (Fla.1992).
In the instant case, the jury assessed the damages for the father, the non-negligent survivor, at $100,000. Because section 768.81(3) yields to section 768.20, where the two conflict, the plaintiff correctly asserts that the father's award of damages can not be reduced by the negligent survivor, the mother's, percentage of fault.
However, we disagree with the plaintiff that Metro-Dade should be responsible for the percentage of fault attributed to a non-party, the aunt. Because she is not a "survivor,"[2] as defined by the Florida Wrongful Death Act, the comparative fault statute controls. Section 768.81(3), Florida Statutes (1995), requires that "the court shall enter judgment against each party liable on the basis of such party's percentage of fault." The Florida Supreme Court has examined the comparative fault statute and concluded that:
Clearly, the only means of determining a party's percentage of fault is to compare that party's percentage to all of the other entities who contributed to the accident, regardless of whether they have been or could have been joined as defendants.
... [W]e believe that the legislature intended that damages be apportioned among all participants to the accident.
Fabre v. Marin, 623 So.2d 1182, 1185 (Fla. 1993). Therefore, the aunt's percentage of negligence must be considered, and the father's award of damages recoverable from Metro-Dade must be reduced by the aunt's percentage of fault, 39.5% or $39,500. Accordingly, we find that the trial court should have entered final judgment in favor of the father for $100,000 with $60,500 of that amount recoverable from Metro-Dade.
Next, the plaintiff argues that the trial court erred by awarding the mother $271,000 with only $14,700 of that amount recoverable *421 from Metro-Dade. The plaintiff contends that the trial court arrived at the award by reducing the mother's award of $500,000 by her percentage of fault, 45.8%, to $271,000. Then, in order to obtain the amount recoverable from Metro-Dade, the trial court further reduced that amount to $100,000 based on the sovereign immunity cap, and then multiplied that amount by Metro-Dade's percentage of fault, 14.7%. The plaintiff argues that this was error and that the mother is entitled to recover the full $271,000 judgment from Metro-Dade. We find that the trial court erred in its calculation of the amount recoverable from Metro-Dade.
Initially, we note that the trial court properly reduced the mother's $500,000 jury award by her percentage of fault, 45.8% or $229,000, for an award of $271,000. However, in determining the amount recoverable from Metro-Dade, we find that the trial court erred by failing to further reduce the mother's award by the percentage of fault attributable to the aunt, 39.5% or $197,500. The comparative fault statute clearly states that each party's liability is limited to that party's percentage of fault. § 768.81, Fla. Stat. (1995). Therefore, Metro-Dade is only responsible for its percentage of fault, 14.7% or $73,500.[3]
However, Metro-Dade contends that this award of $73,500 must be further reduced by a set-off for its claim for contribution from the mother. Metro-Dade argues that it is entitled to a set-off for the amount, in excess of its pro rata share, for which it is jointly and severally liable to the father. § 768.31, Fla.Stat. (1995). The excess amount that Metro-Dade is liable for is $45,800, or 45.8% of the father's $100,000 award, the damages attributable to the mother's negligence. We agree that the mother's award recoverable from Metro-Dade must be reduced by a $45,800 set-off.
Previously, in calculating the amount of the father's award recoverable from Metro-Dade, we held that because section 768.20 has priority over section 768.81, where the two conflict, the father's award of damages could not be reduced by the mother's negligence. Likewise, the provisions of section 768.81 that eliminate joint and several liability do not apply. Gurney, 588 So.2d at 246 (holding that where section 768.81 does not apply because of the priority of section 768.20, then the doctrine of joint and several liability applies pursuant to section 768.31). Metro-Dade is thus jointly and severally liable for payment of a portion of the father's damages that are actually attributable to the mother's negligence. Therefore, Metro-Dade is entitled to contribution from the mother and a set-off against the mother's recovery. § 768.31, Fla.Stat. (1995). Accordingly, the trial court should have reduced the amount of the mother's award recoverable from Metro-Dade by $45,800, for an ultimate recovery for the mother of $27,700.
The remaining points raised by the parties lack merit.
In summary, the plaintiff is entitled to entry of final judgment awarding the father $100,000 with $60,500 of that amount recoverable from Metro-Dade and awarding the mother $271,000 with $27,700 of that amount recoverable from Metro-Dade.
Reversed and remanded for entry of judgment consistent with this opinion.
NOTES
[1] Metro-Dade does not appeal the award to the decedent's estate.
[2] "`Survivors' mean the decedent's spouse, children, parents, and when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters. It includes the child born out of wedlock of a mother, but not the child born out of wedlock of the father unless the father has recognized a responsibility for the child's support." § 768.18(1), Fla.Stat. (1995).
[3] Because the mother's award recoverable from Metro-Dade was less than $100,000, it is unnecessary for us to reach the issue of whether the trial court erred by automatically reducing the award to the sovereign immunity cap of $100,000. However, we note that the Florida Supreme Court has repeatedly held that:

[S]ection 768.28(5) authorizes the rendition of judgment in excess of the maximum amount which the state can be required to pay. The purpose of this provision is so that the excess can be reported to the legislature and then paid in whole or in part by further act of the legislature. These provisions recognize that the judgment and post-judgment assessments to be entered of record should upon motion of the plaintiff be the full amount of actual damages suffered, costs, and post-judgment interest and not the amount of the defendant's liability.
Gerard v. Department of Transp., 472 So.2d 1170, 1172-73 (Fla.1985)(quoting Berek v. Metropolitan Dade County, 422 So.2d 838, 840-41 (Fla.1982)).