DAKAN, STEPHEN L„ Associate Senior Judge.
 

 T & S Enterprises Handicap Accessibility, Inc., appeals the trial court’s order dismissing its third-party claim for contribution against the appellee, Wink Industrial Maintenance & Repair, Inc. We conclude that the trial court’s ruling was correct as applied to the facts alleged in this case and affirm.
 

 Brian and Jennifer Clark filed a complaint against T & S alleging that Brian Clark was injured and suffered damages in perfoi'ming repair work on T & S’s premis
 
 *412
 
 es as the result of the negligence of T & S. It was alleged that Brian Clark was an employee of Wink, the entity hired by T & S to perform the repairs. Wink was not made a party defendant, even though it did not have worker’s compensation insurance covering Brian Clark.
 

 T & S filed a third-party complaint against Wink for contribution, alleging that Wink was negligent in failing to properly train Brian Clark, failing to properly supervise him, failing to provide adequate equipment, and failing to provide a proper and safe work environment.
 

 Following a hearing on Wink’s motion to dismiss, the trial court entered its order dismissing T & S’s third-party complaint. The trial court found that the Florida Legislature abolished joint and several liability for joint tortfeasors and that section 768.31, Florida Statutes (2006), mandates that a court enter judgment against a party on the basis of that party’s percentage of fault, and not on the basis of joint and several liability. The trial court also found that the right of contribution exists only in favor of a tortfeasor who has paid more than its pro rata share of common liability and that the third-party complaint failed to state a cause of action for contribution as a matter of law.
 

 Section 768.81, the Uniform Contribution Among Tortfeasors Act, was in effect at the time of the trial court’s ruling and is still in effect. The Act provides that when two or more persons become jointly or severally liable in tort for the same injury to person or property, there is a right of contribution among them.
 

 In spite of the statutory language which appears to limit the right to seek contribution
 
 only
 
 in favor of a tortfeasor who has paid more than her or his pro rata share of the common liability, for over 30 years, district courts of appeal in this state have held that a defendant
 
 could
 
 file a third-party claim against another in the same case brought by the plaintiff, even though the liability of that third-party plaintiff had not yet been established.
 
 See, e.g., Gortz v. Lytal, Reiter, Clark, Sharpe, Roca, Fountain & Williams,
 
 769 So.2d 484, 487 (Fla. 4th DCA 2000);
 
 Attorneys’ Title Ins. Fund, Inc. v. Punta Gorda Isles, Inc.,
 
 547 So.2d 1250, 1251 (Fla. 2d DCA 1989);
 
 N.H. Ins. Co. v. Petrik,
 
 343 So.2d 48, 48-50 (Fla. 1st DCA 1977);
 
 Fla. Power Corp. v. Taylor,
 
 332 So.2d 687, 692 (Fla. 2d DCA 1976);
 
 Nationwide Mut. Ins. Co. v. Fouts,
 
 323 So.2d 593, 594 (Fla. 2d DCA 1975).
 

 The rationale was that rule 1.180, Florida Rules of Civil Procedure, provides for third-party actions against a person not a party to the main action who
 
 is or may be
 
 liable to a named defendant for all or a part of the plaintiffs claim. The opinions reasoned that the Uniform Contribution Among Tortfeasors Act does not provide that the Act is the only procedural vehicle available to a defendant seeking contribution. Since the Act was, at least in part, procedural, it was subject to the rule making authority of the supreme court, and rule 1.180 permitted the third-party action as part of the original plaintiffs case.
 

 All of these cases, however, were decided before the current version of section 768.31 was enacted. That section now provides that in negligence cases such as this one, the court shall enter judgment against each party liable on the basis of such party’s percentage of fault “and not on the basis of the doctrine of joint and several liability.” § 768.81(3). In order to allocate any fault to a nonparty, a defendant must affirmatively plead this fault and prove it at trial “by a preponderance of the evidence.” § 768.81(3)(a) & (b).
 

 In this case, very similar procedures are available to T & S, except that Wink would not be a named party. T & S has the
 
 *413
 
 opportunity to plead that Wink is partially or completely at fault and the cause of the plaintiffs’ injuries. The evidence would presumably be the same whether presented in this case under the provisions of section 768.81(3) or in an action brought under the Uniform Contribution Among Tortfeasors Act. The jury would determine the same issues under section 768.81(3) as it would in a third-party action, and it is unlikely that T & S will be required to pay more than its pro rata share of any common liability. While the cases cited in this opinion may not have been overruled by the enactment of the current version of section 768.81, they appear to have been rendered obsolete, at least in cases like this one.
 

 This decision does not determine any rights T & S may have if it elects to settle the plaintiffs’ claims in exchange for a general release which includes Wink.
 

 Affirmed.
 

 ALTENBERND and FULMER, JJ., Concur.