PER CURIAM.
AFFIRMED. See T & S Enters. Handicap Accessibility, Inc. v. Wink Indus. Maint. & Repair, Inc., 11 So.3d 411, 413 (Fla. 2d DCA 2009) (“The jury would determine the same issues under section 768.81(3) as it would in a third-party action, and it is unlikely that [a defendant] will be required to pay more than its pro rata share of any common liability.”). See also Wells v. Tallahassee Mem’l Reg’l Med. Ctr., Inc., 659 So.2d 249, 256 (Fla.1995) (Anstead, J., specially concurring) (“Since this tortfeasor-defendant now faces a judgment based only on its ‘percentage of fault,’ it, unlike Disney in the [Walt Disney World Co. v. Wood, 515 So.2d 198 (Fla.1987) ] case, has no basis for seeking contribution from another tortfeasor who might also have contributed to the cause of the claimant’s injury.”).
LEWIS, C.J., BENTON, and MAKAR, JJ., concur.